On appellant's petition for reconsideration filed April 21, reconsideration allowed; opinion (118 Or App 557, 848 P2d 1210) modified and adhered to as modified June 9, 1993

Shelia Kathy WATTS,
Conservator and Guardian for
Steven Boyd Isom, an incapacitated person,
*Appellant,*

*v.*

RUBBER TREE, INC.,
an Oregon corporation,
dba Oregon Tire and Supply,
*Respondent,*

*and*

BRIDGESTONE/FIRESTONE, INC.,
an Ohio corporation, formerly known as
Firestone Tire & Rubber Company,
Cooper Tire and Rubber Co.,
a Delaware corporation, and
Michael Ray Wright,
*Defendants.*

(90-0105-L-3; CA A71740)

853 P2d 1365

George W. Kelly and Clinton D. Simpson, Eugene, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff petitions for review of our opinion. 118 Or App 557, 848 P2d 1210 (1993). We treat the petition as one for reconsideration, ORAP 9.15, and allow it but adhere to our opinion.

The main argument plaintiff raises in her petition concerns the limited warranty provided by defendant.[1] We briefly addressed that argument in our opinion. 118 Or App at 563 n 2. The warranty reads:

> "[I]f it's a customer casing, for the first 25 percent of tread wear we'll guarantee the cap and the casing. After the first 25 percent is worn, we'll guarantee the cap up to 50 percent. Thereafter there is no warranty on either cap or casing."

■     Plaintiff argues that the warranty provided on both the cap and casing shows that there was a sale of the complete product, for "[s]ervice providers do not guarantee parts they are not selling." The uncontradicted evidence is that defendant did not charge for the casing that was defective. Sweeping, the owner of the casing, asked defendant to perform service on it, which defendant did. None of the parts sold by defendant in conjunction with the service was defective. Moreover, contrary to plaintiff's assertion, it is not uncommon for service providers to warrant how long a product on which they provide service will last. Under the facts of this case, we conclude that there was no sale of a defective product to provide the basis for a strict products liability claim.

Plaintiff also argues that strict liability should apply because "defendant inspected Sweeping's casing and approved it for retreading, thus implying 'something concerning its condition.'" That argument in essence is one of negligence, which we rejected in our opinion.

■     Plaintiff finally argues that, had defendant purchased the defective casing from Sweeping and, after recapping, resold it to Sweeping, we would have held defendant strictly liable. *See Markle v. Mulholland's, Inc.*, 265 Or 259, 509 P2d 529 (1973). She contends that that is no different from the situation in this case, where defendant simply gave

---

[1] Plaintiff did not bring an action on the warranty. Her theory was that defendant was strictly liable for the sale of a defective product.

Sweeping a $10 discount for the casing it provided. Whether that distinction is noteworthy is not for us to decide. ORS 30.920 subjects sellers of a defective product, not service providers, to strict liability.

Reconsideration allowed; opinion modified and adhered to as modified.